**23SL-CC02139**

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

IN THE
CIRCUIT  COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Daniel Human, individually and<br>on  behalf of all others  similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | |
| | ) | |
| Call Trader, LLC | ) | COMPLAINT CLASS ACTION |
| d/b/a/ TheHealthScout.com | ) | |
| 145 Corte Madrea Town Center, Ste. 596 | ) | |
| Madera, CA  94925, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Registered Agent: | ) | |
| Telos Legal Corp | ) | |
| 510 W. 6th Street, Ste 320 | ) | |
| Los Angeles, CA 90014; and | ) | |
| | ) | |
| Brook Whitmore, President | ) | |
| Call Trader, LLC | ) | |
| d/b/a/ TheHealthScout.com | ) | |
| 145 Corte Madrea Town Center, Ste. 596 | ) | |
| Madera, CA  94925, | ) | |
| | ) | |
| Registered Agent: | ) | |
| Telos Legal Corp | ) | |
| 510 W. 6th Street, Ste 320 | ) | |
| Los Angeles, CA 90014; and | ) | |
| | ) | |
| Shivani Gupta, Director of Operations | ) | |
| Call Trader, LLC | ) | |
| d/b/a/ TheHealthScout.com | ) | |
| 145 Corte Madrea Town Center, Ste. 596 | ) | |
| Madera, CA  94925, | ) | |
| | ) | |
| Registered Agent: | ) | |
| Telos Legal Corp | ) | |
| 510 W. 6th Street, Ste 320 | ) | |
| Los Angeles, CA 90014; and | ) | |
| | ) | |
| John Dougherty, Director of | ) | |
| Lead Generation | ) | |

1

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Call Trader, LLC                                      )
d/b/a/ TheHealthScout.com                             )
145 Corte Madrea Town Center, Ste. 596               )
Madera, CA  94925,                                    )
                                                      )
Registered Agent:                                     )
Telos Legal Corp                                      )
510 W. 6th Street, Ste 320                            )
Los Angeles, CA 90014; and                            )
                                                      )
Kiran Mathew, Dialer Management                       )
Call Trader, LLC                                      )
d/b/a/ TheHealthScout.com                             )
145 Corte Madrea Town Center, Ste. 596               )
Madera, CA  94925,                                    )
                                                      )
Registered Agent:                                     )
Telos Legal Corp                                      )
510 W. 6th Street, Ste 320                            )
Los Angeles, CA 90014; and                            )
                                                      )
John and Jane Does 1 through 8                        )
Call Trader, LLC                                      )
d/b/a/ TheHealthScout.com                             )
145 Corte Madrea Town Center, Ste. 596               )
Madera, CA  94925,                                    )
                                                      )
Registered Agent:                                     )
Telos Legal Corp                                      )
510 W. 6th Street, Ste 320                            )
Los Angeles, CA 90014,                                )
                                                      )
                    Defendants.                       )

---

## COMPLAINT CLASS ACTION

---

I.    <u>Preliminary Statement</u>

1.    Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

enacted the Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. I t means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . .. [t]hat person 's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id* ...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to _protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    The Plaintiff Daniel Human, alleges that Defendants Call Trader, LLC, d/b/a/ TheHealthScout.com, Brook Whitmore, Shivani Gupta, John Dougherty, Kiran Mathew, and John

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

and Jane Does 1 through 8, unknown telemarketers  (hereinafter collectively referred to as Defendants "Call Trader," "Whitmore," "Gupta," "Dougherty," "Mathew," "Does 1 through 8," and "Defendants"), made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

II.    <u>Parties</u>

6.       Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Dan," or "Mr. Human") is an individual residing in this District.

7.       Defendant Call Trader LLC, which does business under the fictitious name and website thehealthscout.com, and is a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA  94925, is a company that makes illegal telemarketing calls, or employs its agents, vendors or affiliates to make illegal telemarketing calls into this District to persons listed on the Missouri State and Federal do not call registries , just as it did with the Plaintiff.

8.      Defendant Brook Whitmore is the President of Defendant Call Trader LLC, a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA   94925, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice,  condone, and ratify

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

illegal telemarketing calls being made from this District and to this District on behalf of the Call Trader Defendant to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

9.      Defendant Shivani Gupta is the Director of Operations of Defendant Call Trader LLC, a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA  94925, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of the Call Trader Defendant to phone numbers registered on the Missouri and federal do not call registry, just as it did with the Plaintiff.

10.      Defendant John Dougherty is the Director of Lead Generation for Defendant Call Trader LLC, a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA  94925, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal  telemarketing calls being made from this District and to this District on behalf of the Call Trader Defendant to phone numbers registered on the Missouri and federal do not call registry, just as it did with the Plaintiff.

11.      Defendant Kiran Mathew is the Director of Dialer Management for Defendant Call Trader LLC, a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA  94925, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of the Call

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Trader and Health Scout website Defendant's to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

12.     Defendant's John and Jane Does 1 through 8 are telemarketers for Defendant Call Trader LLC, a California limited liability company with its corporate offices located at 145 Corte Madrea Town Center, Ste. 596, Madera, CA  94925, and are directly and personally responsible for following the corporate policies that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of the Defendant Call Trader and its fictitiously named website  to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

<u>Jurisdiction and Venue</u>

13.     This Court has jurisdiction for violations of the Missouri do not call registries and the Missouri Merchandising Practices Act ("MMPA") under Chapter 407.010 et seq. RSMo. in accord with 28 U.S.C. 1367.  For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

14.     This Court has personal jurisdiction over the Defendants because they either reside in this District and/or made the calls into this District.

15.     Venue is proper because the calls at issue were made into this District and/or from this District.

**Intradistrict Assignment**

A substantial part of the events which give rise to the claim occurred in  St. Louis County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

St. Louis County, or alternatively, if removed by the Defendants, to the St. Louis Division of the United States District Court for the Eastern District of Missouri.

## **TCPA Background**

16.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991) (codified at  47 U.S.C. §227).

17.     The National Do  Not  Call  Registry (the  "Registry") allows consumers to register their telephone numbers and  thereby  indicate their  desire not   to  receive telephone solicitations at those  numbers.  *See*  47  C.P.R.§ 64.1200(c)(2).

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19.     The TCPA and  implementing  regulations prohibit  the  initiation  of  telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

## THE MISSOURI NO-CALL LAW

20.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity **shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber** in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

receiving telephone solicitations.

21.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

22.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

23.    The Defendants calls/texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to or read Defendants' advertising campaign.

24.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

25.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

26.     Chapter 407.1107 provides for up to $5,000 in damages for each knowing violation.

**THE MISSOURI TELEMARKETING LAW**

27.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

8

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

(3) ***Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive, or harassing.***

(4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

28.   MO Rev. 407.1104 provides in pertinent part:

1.   Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.   No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

## III.  Factual Allegations

29.   Defendant Call Trader represents itself inline as "a leading customer acquisition company generating hundreds of thousands of calls and leads for our clients around the globe.  Headquartered in San Francisco, our management team has over 30 years of experience in online media and direct marketing" and solicits insurance policies for its customers.[1]

30.   To generate leads, Defendant's Call Trader, Whitmore, Gupta, Dougherty, and Mathew created and operates a lead generating website which is its d/b/a TheHealthScout.com, and employs hundreds of John and Jane Does telemarketers in call centers, which utilize robocall technology and ATDS technology to generate thousands of unlawful random and robocall generated telemarketing calls to consumers on the Missouri and federal do not call registry who

---

[1] https://www.calltrader.com

have never had a relationship with, and who never consented to receive their calls in violation of both Mo. Rev. Stat. § 407.1076; 47 U.S.C. 227(c) (5); and 47 C.F.R. 64.1200 (c)(2), and the deceptive marketing prohibitions protected under the Missouri Merchandising Practices Act, Section 407.010 et seq. RSMo.

31.     Plaintiff is and was at all times mentioned herein, a "person" as defined by Mo. Rev. Stat. § 407.1076 and 47 U.S.C. §153(39).

32.     Plaintiffs personally listed his telephone number (the "Number"), 314-915-XXXX, on the Missouri and National Do Not Call Registry, and has been continuously since June of 2022.

33.     Despite this, the Defendants placed more than seven telemarketing calls/texts to Mr. Human from November 11, 2022 and January 29, 2023, at which time each call identified themselves as telemarketers for TheHealthscout.com.

34.     Plaintiff answered the first call on November 11, 2022, at 11:30 am and the telemarketer identified himself as "Alex", whereupon he proceeded to solicit Plaintiff to buy an insurance policy, despite the fact that he was on the Missouri and National Do Not Call Registry and had not given the defendants express written permission to call his private residential cell phone.

35.     The Defendants made more than six additional telemarketing calls/texts to the Plaintiff during January 2023. Each call was identified on Plaintiff's cell phone as "the Health Scout".

36.     During these calls/texts, each enticed, compelled, condoned, and ratified by Defendant's Call Trader, Whitmore, Gupta, Dougherty, Mathew, the Doe Defendants  identified

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

themselves only by first name and each time solicited him to purchase a supplemental Medicare or other insurance policy through "the Health Scout."

37.     These telemarketing phone calls were made in the following order:

| a. | 11/11/22 | Alex | 11:30 am | 314-350-2242 |
| b. | 1/12/23 | Michelle | 2:22 pm | 314-350-3486 |
| c. | 1/17/23 | Jen | 1:16 pm | 314-350-3490 |
| d. | 1/26/23 | Mary | 11:44 am | 314-350-7617 |
| e. | 1/26/23 | Terry | 1:09 pm | 314-350-2813 |
| f. | 1/29/23 | Mary | 11:43 am | 314-350-7617 |
| g. | 1/29/23 | Tracy | 1:09 pm | 314-350-2813 |

38.     Despite that, and the fact that he was on the Missouri and National Do Not Call Registry, the calls/texts were made repeatedly offering an opportunity to purchase an insurance policy.

39.     The Plaintiff did not respond to the calls as they were made during plaintiff's work schedule and/or during family time, including weekends and repeatedly told the callers to stop calling.

40.     Despite that, and the fact that he was on the Missouri and National Do Not Call Registry, these unsolicited calls and texts continued.

41.     During  these calls, there was a significant pause and click before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes

> for a consumer to answer the phone and when a telemarketer will be free
> to take the next call, predictive dialers may either "hang-up" on consumers
> or keep the consumer on hold until connecting the call to a sales
> representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs _public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

42.    The Defendant's placed the majority of calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

43.    Plaintiffs' privacy and ability to maintain seclusion has been violated by the above-described telemarketing calls, and he has suffered anxiety, stomach pains, a severe loss or sleep and has been harassed and humiliated by the calls, and the Plaintiff suffered wear and tear on his phone equipment, degradation of his battery, and incurred phone service provider fees.

44.    The Plaintiff never provided his written consent or requested these calls.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

45.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants and their deceptive marketing practices because their privacy has been violated, they were annoyed and ·harassed.

46.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication interfering with Plaintiff's personal time and family affairs.

A.     **The Missouri Merchandising Practices Act**

47.     The Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

48.     Section 407.020, RSMo provides in pertinent part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale *or advertisement* of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice… Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

49.     Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes soliciting insurance policies advertised and sold by Defendants Call Trader, LLC, d/b/a/ TheHealthScout.com, Brook Whitmore, Shivani Gupta, John Dougherty, Kiran Mathew, and John and Jane Does 1 through 8, and its employees, vendors, and/or agents.

50.     Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

51.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

52.    15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any **public policy** as it has been established by the Constitution, **statutes or common law of this state, or by the Federal Trade Commission**, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

53.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

54.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-
    (A) **Violates state or federal law intended to protect the public**; and
    (B) **Presents a risk of or causes substantial injury to consumers**.

55.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

56.    15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.
(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.
(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in section 407.020.1, RSMo… *Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed*. (Our *emphasis*)

57.    15 CSR 60-9.030 provides that:

(1) It is a deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

58.    15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

59.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

60.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

61.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

62.    Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

63.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registries by engaging in the following:

a.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the thehealthscout.com and labyrinth of websites, and telemarketers, as created and marketed by these Defendants and through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems owned and operated by the

16

collective Defendant's to facilitate unsolicited calls to the MDNC, DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls and were merely exercising their right to privacy and seclusion.

b.        By falsely and deceptively misidentifying both the click through lead paradigm, telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of the Health Scout, instead of telemarketers acting as an agent and/or vendor on Defendant's Call Trader, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents and other unknown telemarketers acting on their behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.        By deceptively using company names and d/b/a's and deliberately concealing company and telemarketers identities throughout the myriad calls, to dissuade consumers and persons on the Missouri and federal no call list from pursuing lawful claims under the MDNC, TCPA, and MMPA  for knowingly deceptive marketing practices.

d.        By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, and thereafter, providing it to countless other telemarketers so they could illegally call Plaintiff's phone, clearly registered on the no call lists, although Plaintiff did not have a prior relationship with those Defendants and did not provide those Defendants with express written permission to call him

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

e.       By badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text for insurance sales purposes, when all he sought, and believed he would receive, was an anonymous right to privacy and seclusion protected under the no call registries.

f.       For Defendant's Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, and Mathew to hire the telemarketing Defendants, who they knew or reasonably should have known were providing restricted numbers and making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded the illegal calls to the Plaintiff and others similarly situated on the Missouri and federal no call registry.

g.       By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation calls Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents, vendors and other unknown telemarketers acting on their behalf by and through the aid and assistance of the robo-call and ATDS dialing systems.[2]

---

[2] Telemarketers cause a local number to appear on the recipients' caller ID in order to deceptively increase the likelihood that the recipient will pick up the call. For example, Velocify, offers automated outbound dialer software that gives users the ability to "[o]perate like a local business and boost contact rates by calling prospects from their own area code." *See* http://pages.velocify.com/rs/522-DJL-243/images/velocify-pulsecommunication.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

h.      As a direct result of the deception, false pretense, misrepresentation, unfair and

fraudulent practices, concealment, and omission of these material facts of Defendants

Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and

Jane Does 1 through 8, and its employees and/or agents and other unknown telemarketers

acting on their behalf, by and through the aid and assistance of the robo-call and ATDS

dialing systems, the Plaintiff has suffered continuing harassment, humiliation, loss of

sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of

dollars in bonus opportunities, injuries to his privacy rights, intrusion upon Plaintiff's

right to seclusion, his mental health and wellbeing, inability to use his phone, wear and

tear on his phone, caused him to incur phone provider fees and other damages, caused

frustration and annoyance, loss of use of his telephone, thereby warranting treble and

punitive damages.[3]

---

[3] These injuries violated the Plaintiff's substantive rights. In _Romero v. Department Stores National Bank_, the harms the plaintiff alleged, such as headaches, sleeping issues, and weight loss, were "divorced from the alleged violation of the TCPA." 199 F.Supp.3d 1256, 1265 (S.D. Cal. 2016). By contrast, _Greenley's_ amended complaint alleges that the unsolicited communications caused him frustration and annoyance and resulted in lost time and the temporary loss of utility of his cellular telephone. The circumstances in _Romero_ are inapposite here. In summary, _Greenley_ allegedly received multiple unsolicited automated communications from LIUNA. _Greenley_ has alleged conduct that violated his substantive right, established by the TCPA, to be free from the invasion of privacy and intrusion upon seclusion caused by unsolicited automated communications. This injury is neither hypothetical nor uncertain, and it demonstrates a harm or, at a minimum, a material risk of harm that is not merely a procedural violation. For these reasons, the Court found that _Greenley_ has Article III standing and denies LIUNA's motion to dismiss on this ground.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

    i.       By continuing to repeatedly call and text the Plaintiff after being informed that he

was on the Missouri and Federal No Call registries, and deliberately violating his

protections under both those state and federal Acts and statutes.[4]

---

[4] Even though *Ginwright* initially consented to autodialed calls to his cell phone about his car loan, *Ginwright* asserts that he later revoked that consent. The FCC has ruled that under the TCPA, "a called party may revoke consent" to autodialed phone calls "at any time and through any reasonable means." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991 ("2015 FCC Ruling"), 30 FCC Rcd. 7961, 7993 (2015). This right to revoke is premised on the common law understanding of the meaning of "consent," which is voluntarily given and can be voluntarily taken away. *See Osorio v. State Farm Bank, FSB*, 746 F.3d 1242, 1255–56 (11th Cir. 2014) (finding that express consent may be revoked and that there was a genuine issue of material fact on whether the plaintiff revoked consent); *Gager v. Dell Fin. Serv.*, 727 F.3d 265, 270–71 (3d Cir. 2013) (holding that the TCPA allows consumers to revoke prior express consent); 2015 FCC Ruling at 7994. Moreover, as a remedial statute, the TCPA should be construed to benefit consumers. *Gager*, 727 F.3d at 271. A consumer may revoke consent by "any reasonable method including orally or in writing." 2015 FCC Ruling at 7996. Courts have applied this right in the context of consent given through a credit application, *Gager*, 727 F.3d at 267, and through an application for insurance, *Osorio*, 746 F.3d at 1247. Ginwright was therefore permitted to revoke his consent to Exeter's phone calls even though he had earlier granted it by providing his cell phone number in the Credit Application. Exeter, however, argues that Ginwright had also consented to autodialed calls through a consent clause in the Credit Application, and that such consent was bargained-for consideration as part of a contract between Ginwright and Exeter and thus cannot be revoked. As support, Exeter cites *Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. 2017), in which the United States Court of Appeals for the Second Circuit held that the TCPA did not allow for revocation of consent when that consent "was included as an express provision of a contract." *Id.* at 57. Such a prohibition on later revocation of consent arising from a boilerplate consent provision, however, would be inconsistent with the FCC's ruling that a consumer has "a right to revoke consent," 2015 FCC Ruling at 7996, including when originally provided in a credit application, *id.* at 7993 n.216, and with the remedial purposes of the TCPA, *see Gager*, 727 F.3d at 271. The Court therefore declines to adopt the prohibition on revocation in *Reyes*, which would result in the effective circumvention of the TCPA in the debtor-creditor context. Indeed, Exeter itself has acknowledged that "[c]onsent under the TCPA is not a matter of contract, nor subject to contract principles." Opp'n Mot. Class Certification at 15, ECF No. 65.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

**Class Certification Allegations**

64.     Class Definition: Plaintiff seeks to certify a class and brings this Complaint

against the Defendants, pursuant to Missouri Rules of Court 52.08 and Federal Rule of Civil

Procedure 23, on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited
telephone calls from Defendants or their agents on their cellular
phone service through the use of any automatic telephone dialing
system or artificial or pre-recorded voice system, which telephone
calls by Defendants or their agents were not made for emergency
purposes or with the recipients' prior express consent, within four
years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone
number(s) registered with the national Do-Not-Call registry for at
least thirty days; (2) who received more than one telephone call
made by or on behalf of Defendants that promoted products and  services;
(3) within a 12-month period; and (4) for whom Defendants had no current record of
Written consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone
number(s) registered with the Missouri Do-Not-Call registry for at
least thirty days; (2) who received more than one telephone call or text
made by or on behalf of Defendants that promoted services or products; (3) within a 12-
month period; and (4) for whom Defendants had no current record of written consent to
place such calls to him or her.

65.     Excluded from the Class are counsel, the Defendant, and any entities in which

the Defendant have a controlling interest, the Defendant's agents and employees, any judge to

whom this action is assigned, and any member of such judge's staff and immediate family.

66.     The Class as defined above are identifiable through phone records and phone

number databases.

67.     The potential members of the Class number at least in the thousands.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

68.    Individual joinder of these persons is impracticable.

69.    Plaintiff is a member of the Class.

70.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a)    whether the Defendants systematically made multiple telephone calls to members of the National and Missouri Do Not Call Registry Classes;

(b)    whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c)    whether the Defendants made the above-call using a predictive dialer, robo-calls, and ATDS.

(d)    whether Defendants conduct constitutes a violation of the TCPA;

(e)    whether the Defendants misrepresentations, omissions, and other deceptive marketing practices constitutes a violation of the MDNC and MMPA.

(f)    whether members of the Class are entitled to treble damages based on the willfulness of Defendants conduct.

71.    The Plaintiffs claims are typical of the claims of members of the Class.

72.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is a 20-year litigation paralegal, who has hired a skilled attorney experienced in class actions, including MDNC, MMPA and TCPA class actions.

73.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

74.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

75.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and members of the Missouri Do Not Call Registry Class.

76.    The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

77.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

78.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

79.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees, vendors and/or agents and other unknown telemarketers on their behalf calls to a telephone subscriber on the

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to or read Defendants' advertising campaign.

80.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

81.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

82.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

83.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

84.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

85.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated Mo. Rev. Stat. § 407.1001 et seq. by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the Missouri Do-Not-Call registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the Missouri and federal government.

86.    These individuals requested not to receive calls from Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf, as set forth in Mo. Rev. Stat. § 407.1076.

87.    Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf made more than seven unsolicited telephone calls/texts to Plaintiff and members of the Class without their prior express written consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants and/or Defendants do not have a current record of consent to place telemarketing calls to them.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

88.     Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of Mo. Rev. Stat. § 407.1076, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section Mo. Rev. Stat. § 407.1076, are each entitled, inter alia, to receive up to $5,000 in damages for each such violation.

89.     To the extent Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf misconduct is determined to be willful and knowing, the Court should, pursuant to Mo. Rev. Stat. § 407.1076 treble the amount of statutory damages recoverable by the members of the Class in the amount of $5,000.00 per call.

90.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

**WHEREFORE**, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8  and its employees, vendors and/or agents and other unknown telemarketers on their behalf as follows:

a.     An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and his counsel to represent the classes.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

b.      Judgment against Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8 and its employees, vendors and/or agents and other unknown telemarketers on their behalf, and in favor of Plaintiff and the other class members in the amount of $5,000 per violation of Mo. Rev. Stat. § 407.1076 as proven at trial, and $5,000.00 per call as treble damages or $35,000.00;

c.      Equitable and injunctive relief, including injunctions enjoining further violations of Mo. Rev. Stat. § 407.1001 et seq;

d.      An order granting costs and attorneys' fees; and

e.      Such other and further relief as this Court may deem appropriate.

## Count II

### Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227) (On behalf of Plaintiff and the National Do Not Call Registry)

91.      The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

92.      The foregoing acts and omissions of Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents, vendors and other unknown telemarketers acting on their behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

93.      The Defendants violations were negligent, willful, or knowing.

94.      As a result of Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227,

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made, and treble damages of $25,000.00 per call and text.

95.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

Prayer for Relief

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief against Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf:

a.    Certification of the proposed Class;

b.    Appointment of the Plaintiff as a representative of the Class.

c.    Appointment of Class Counsel, if the Court deems necessary.

d.    A declaration that the Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

e.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

f.    An award to Plaintiff and the Class of damages, as allowed by law; including treble damages; and

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

g.      Orders granting such other and further relief as the Court deems just, proper, and equitable in the circumstances.

Count III
Violation of the TCPA Against All Defendants
by Plaintiff Individually and on Behalf of the Robocall and ATDS Classes

96.     The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

97.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

98.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

99.     47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

> subscribers should be afforded the same protections as wireline
> subscribers.

Report and Order at ¶ 167.

100.    The foregoing acts and omissions of Defendant's Call Trader,
TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through
8, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf, by
and through the aid and assistance of the robo-call and ATDS dialing systems constitute
numerous and multiple violations of the TCPA, 47 U.S.C. § 227 and Missouri no Call list,
Section 407 et seq., RSMo, by making telemarketing calls, except for emergency purposes, to the
Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

101.    Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty,
Mathew, and John and Jane Does 1 through 8, and/or its affiliates, agents, and/or other persons
or entities acting on Defendants behalf and its employees and/or agents, vendors and other
unknown telemarketers violations were deliberate, negligent, willful, or knowing.

102.    As a result of Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta,
Dougherty, Mathew, and John and Jane Does 1 through 8, and/or its affiliates, agents, and/or
other persons or entities acting on Defendants behalf, by and through the aid and assistance of
the robo-call and ATDS dialing systems violations of the TCPA, 47 U.S.C. § 227, Plaintiff and
members of the Class presumptively are entitled to an award of $1,500 in damages for every call
made, and treble damages of $5,000.00 per call.

103.    Plaintiff and members of the Class are also entitled to and do seek injunctive
relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on
Defendants behalf from making telemarketing calls to numbers on the National Do Not Call
Registry, except for emergency purposes, in the future.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Prayer for Relief

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief against Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf:

a.  Certification of the proposed Class;

b.  Appointment of the Plaintiff as a representative of the Class.

c.  Appointment of Class Counsel, if the Court deems necessary.

d.  A declaration that the Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

e.  Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

f.  An award to Plaintiff and the Class of damages, as allowed by law; including treble damages for the Defendants flagrant and repeated violation of Federal Law; and

g.  Orders granting such other and further relief as the Court deems just, proper, and equitable in the circumstances.

**Count IV**
**VIOLATION OF THE MISSOURI MERCHANDISING**
**PRACTICES ACT**

COMES NOW, Plaintiff and for his fourth cause of action against Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through

8, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf and other unknown telemarketers on their behalf states:

104.    Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

105.    Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 may bring a  private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing part attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

106.    Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes soliciting insurance policies advertised and sold by Defendants Call Trader, LLC, d/b/a/ TheHealthScout.com, Brook Whitmore, Shivani Gupta, John Dougherty, Kiran Mathew, and John and Jane Does 1 through 8, and its employees, vendors, and/or agents.

107.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

108.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

32

109.    15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

> (2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in section 407.020.1, RSMo… *Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.* (Our *emphasis*)

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

110.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

111.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-
> (A) **Violates state or federal law intended to protect the public**; and
> (B) **Presents a risk of or causes substantial injury to consumers**.

112.    15 CSR 60-9.010 provides that:

> (1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

113.    15 CSR 60-9.030 provides that:

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

(1) It is a deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

114.    15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

115.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

116.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

117.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

118.    Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an

unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

119.   Defendants Call Trader, LLC, d/b/a/ TheHealthScout.com, Brook Whitmore, Shivani Gupta, John Dougherty, Kiran Mathew, and John and Jane Does 1 through 8, and its employees and/or agents, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registry and car sales by engaging in the following:

a.      Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the thehealthscout.com and labyrinth of websites, and telemarketers, as created and marketed by these Defendants and through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems owned and operated by the collective Defendant's to facilitate unsolicited calls to the MDNC, DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls and were merely exercising their right to privacy and seclusion.

b.      By falsely and deceptively misidentifying both the click through lead paradigm, telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of the Health Scout, instead of telemarketers acting as an agent and/or vendor on Defendant's Call Trader, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents and other unknown

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

telemarketers acting on their behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.    By deceptively using company names and d/b/a's and deliberately concealing company and telemarketers identities throughout the myriad calls, to dissuade consumers and persons on the Missouri and federal no call list from pursuing lawful claims under the MDNC, TCPA, and MMPA  for knowingly deceptive marketing practices.

d.    By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, and thereafter, providing it to countless other telemarketers so they could illegally call Plaintiff's phone, clearly registered on the no call lists, although Plaintiff did not have a prior relationship with those Defendants and did not provide those Defendants with express written permission to call him.

e.    By badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text for insurance sales purposes, when all he sought, and believed he would receive, was an anonymous right to privacy and seclusion protected under the no call registries.

f.    For Defendant's Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, and Mathew to hire the telemarketing Defendants, who they knew or reasonably should have known were providing restricted numbers and making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

the illegal calls to the Plaintiff and others similarly situated on the Missouri and federal no call registry.

g.      By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation calls Defendant's Call Trader, LLC, d/b/a/ TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents, vendors and other unknown telemarketers acting on their behalf by and through the aid and assistance of the robo-call and ATDS dialing system.

h.      As a direct result of the deception, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts of Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, intrusion upon Plaintiff's right to seclusion, his mental health and wellbeing, inability to use his phone, wear and tear on his phone, caused him to incur phone provider fees and other damages, caused frustration and annoyance, loss of use of his telephone, thereby warranting treble and punitive damages.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

i.      By continuing to repeatedly call and text the Plaintiff after being informed that he was on the Missouri and Federal No Call registries, and deliberately violating his protections under both those state and federal Acts and statutes.

120.    Plaintiff registered his number on the no call lists to protect his privacy, solace, and seclusion, and for that of his family and Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, have deliberately and deceptively invaded the province of and violated his right to privacy  and seclusion and deliberately harassed and annoyed Plaintiff, as well as caused other injuries stated herein.

122.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, actions constitute a pattern and practice of deceptive and unfair conduct.  Defendant's tactics were designed to exploit consumer fears, violate federal and state law, and to deceptively uncover consumers private information so the Defendants could conduct unwanted and unwarranted solicitation calls and induce consumers to provide substantial payments for Defendant's services.

123.    Section 407.025 RSMO gives the Plaintiff the right to recover actual damages, Punitive damages, and reasonable attorney's fees and costs.

124.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf's use of fraud, deception, false pretense, false promise, misrepresentation, or unfair practice, and/or of Defendant's

concealment, suppression, or omission of a material fact in connection with its sale of the services, Plaintiff has suffered an ascertainable loss of money or property, and privacy in an amount greater than $75,000.00.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, awarding him actual damages that is fair and reasonable, plus punitive damages in an amount that will fairly and reasonably punish Defendants for their deliberate misconduct and be expected to deter others, reasonable attorney's fees and costs, and such further relief this Court deems just and proper.

### COUNT V
### Defendants' Direct or Vicarious Liability

COMES NOW, Plaintiff and for his fifth cause of action against Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and its employees and/or their agents, vendors and other unknown telemarketers on their behalf, states:

125.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

126.    For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

127.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

128.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

129.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

130.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, so they could all profit from a common enterprise in which they all substantially participated.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

131.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

132.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8,  are directly liable and responsible for the phone calls at issue because Defendant's Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, actually made or initiated the calls to Plaintiffs or they substantially participated and provided necessary equipment and means for the Doe Defendant's to make the calls on their behalf.

133.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, and Mathew are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused Defendant's John and Jane Does 1 through 8 to initiate the phone calls or initiated the calls and texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls;

c)    allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling and direct dialing;

d)    allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)    approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

f)    Defendants reasonably should have known or consciously avoided knowing that the Doe telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance, or

g)    Defendants gave substantial assistance or support to John and Jane Does 1 through 8, and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the MDNC, TCPA, and/or the MMPA.

134.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, apparently had authority to engage in the autodialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted sales pitch the Defendants all profited from each and every sale.

135.    Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, and Mathew ratified the robocalls and direct dialing MDNC and DNC violations to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

WHEREFORE, Plaintiff prays for entry of judgment against Defendants Call Trader, TheHealthScout.com, Whitmore, Gupta, Dougherty, Mathew, and John and Jane Does 1 through 8, and their independent contracting agents for his statutory, actual and/or treble damages sufficient in size to set an example and deter in the future the conduct complained of by

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:39 PM

Defendants or others. Plaintiff prays for such other and further relief as the court finds proper.

Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

Certificate of Service

I hereby certify that the above and foregoing was served electronically this 19th day of May 2023, via ECF/CM filing. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler